IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Karin Lynch,<br><br>      Plaintiff,<br><br>vs.<br><br>Pace Global Energy Services, LLC, Siemens Industry, Inc.,<br><br>      Defendants. | Civil Action No. _____ |

# Exhibit A
# Summons & Complaint

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | FIFTH CIRCUIT |
| Karin Lynch | ) | Civil Action No.: _____ |
| Plaintiff, | ) | |
| vs. | ) | SUMMONS & COMPLAINT |
| Pace Global Energy Services, LLC; Siemens Industries, Inc. Defendant. | ) | Jury Trial Demanded |

*JEANNETTE W. MCBRIDE C.P. & G.S.*
*2015 JAN 14 AM 11:28*
*RICHLAND COUNTY FILED*

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber at his office at 1777 Bull Street, Columbia, South Carolina within 30 days after the service hereof, exclusive of the day of such service, and if you fail to answer within the prescribed time, a judgment by default will be rendered against you for the amount or other remedy requested in the attached Complaint plus interest and costs.

**Attorney for Plaintiff**
Holler Garner Corbett Ormond Plante & DunnGarner

J. Charles Ormond, Jr.

1777 Bull Street
Columbia, SC 29201
(803) 765-2968 (933-9000)

January 14, 2013

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FIFTH CIRCUIT |
| Karin Lynch ) | Civil Action No.: _____ |
| Plaintiff, ) | |
| vs. ) | COMPLAINT |
| Pace Global Energy Services, LLC, ) Siemens Industries, Inc. ) Defendant. ) | Jury Trial Demanded |

Plaintiff, Karin Lynch, through her undersigned attorney/s, hereby asserts the following against Defendant, and avers as follows:

## INTRODUCTION

1. This is a complaint authorized and instituted pursuant to The Equal Pay Act of 1963 as amended (29 USC §206(d)) Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et. seq.*, and the common law of South Carolina.

2. Plaintiff, at all relevant times herein is a citizen of the United States, and at all times relevant herein, was a resident of the State of South Carolina. Plaintiff performed her duties and was employed by Defendant in Richland County, South Carolina.

3. Upon information and belief, Pace Global Energy Services, LLC (hereinafter referred to as "Pace" or Defendant), is a subsidiary of Siemens Industries, Inc. and formed under the laws of one of the states of the United States and does business in the State of South Carolina.

## JURISDICTION AND VENUE

4. Defendant's person is subject to the jurisdiction of the Court.

5. Jurisdiction and venue is proper in this Court under the following statutes: Section 15-7-10

1

et seq. of the Code of Laws for South Carolina and relevant case law.

## FACTS

6. Plaintiff (Ms. Karin Lynch), a female, was hired by Defendant in or about September of 2012. Her position was Senior Energy Buyer and, as such, she purchased energy as a commodity in de-regulated markets for commercial and industrial consumers.

7. Plaintiff was paid $52,000 per annum and after her hire performed her job to or beyond the legitimate expectations of her employer.

8. Prior to this position, Plaintiff had between 25 to 30 years of experience in this profession/trade. Further, Plaintiff had acquired formal education at a masters degree level after completing an undergraduate degree in Marketing. Plaintiff's qualifications, considering her formal education, experience in the field and practical qualifications, was equal to or greater than her male counterpart/s during her entire tenure with Defendant.

9. After a period of time, in or about late 2013, Plaintiff began to suspect that she was being paid less than male counterpart/s who did the same job, had the same title and worked under the same conditions as she did. In or about late 2013, Plaintiff brought this concern to her supervisor's attention. Plaintiff was informed by her supervisor that the Company would not pay her more. Plaintiff later, also in late 2013, learned of a management position for which she was well qualified. Plaintiff both applied for this position and, as she had been told she would not be paid to a level equivalent with her male counterpart/s, asked if the Company would transfer her to Houston hoping to either be paid appropriately as a senior buyer and in an effort to assist her prospects in gaining the position applied for.

10. In or about January of 2014, Plaintiff confirmed that she was, in fact, making significantly less than her male counterpart in Columbia. Plaintiff again expressed concern to Company

managers regarding disparate pay and continued such inquires through March of 2014.

11. In or about February of 2014, after never being asked to interview for the open Manager's position, Plaintiff learned that a male - with lesser experience and educational qualifications - was hired for the position and was moving to Columbia. Concurrent to this time, Plaintiff was informed also that she would only be allowed to move to Houston on her own and would not receive any normal transfer expenses nor a wage increase of any kind.

12. Plaintiff expressed her concern about her failing to even be interviewed to Management for the open position and continued to ask to be paid the same rate as male counterparts. During this period of time, subsequent to her expressing her concerns, Management began to treat her and interact with her in a different and negative manner. She became concerned she would never be paid an equivalent pay or gain managerial opportunities for which she was qualified and might be subject to adverse employment actions if she continued with Defendant.

13. On or about April 1 2014, Plaintiff notified management that she would be resigning and gave thirty days notice. Upon information and belief, Defendant had already hired a male senior buyer for the Columbia office at the time of notification and such senior buyer was paid at a higher rate than Plaintiff and was equally or less qualified in all respects than Plaintiff and started in or about April of 2014. Plaintiff was required to train such new male senior buyer during her remaining notice weeks.

### FOR A FIRST CAUSE OF ACTION
### (EQUAL PAY ACT, 29 USC §206 (d))

14. Plaintiff incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

15. Plaintiff and Defendant Employer met and meet the definition of employee and employer as set forth within the Equal Pay Act (Statute). Plaintiff had equal or greater qualifications than the male employees doing substantially similar jobs.

16. During most or all of Plaintiff's employment with Defendant, higher wages were paid to one or more male employees doing substantially similar work. Plaintiff was the only senior buyer in the Company during the relevant period.

17. Plaintiff performed work requiring substantially similar skill, effort and responsibilities than the male employees in the same position as Plaintiff. The work titles and industry classifications for the male employees (Senior Enegry Buyer) were identical and the location of the work was/were identical.

18. The work of the male employees was performed under similar working conditions to Plaintiff including being in the same city with the same job duties, goals and expectations.

19. Based on the above, such pay disparity was based on Plaintiff's sex and such pay disparity cause legally recognized damages to Plaintiff including back wages and other direct and consequential damages.

WHEREFORE: Plaintiff requests that this Court:
A. Award Plaintiff backpay based on the difference in disparate pay to male employee/s with interest thereon, from the date of hire.
B. Award Liquidated Damages in an amount equal to all actual damages.
C. Permanently enjoin Defendant, its agents, officers and employees from engaging in all practices found by this Court to be in violation of the Equal Pay Act.
D. Award Plaintiff the costs and disbursements of this action, including her reasonable attorney's fees, pursuant to 42 U. S. C. §1988;
E. Award such other and further relief as this Court may deem just and proper.

FOR A SECOND CAUSE OF ACTION
(DISCRIMINATION (SEX)/ TITLE VII 42 U.S.C 2000 e ET SEQ.)

20. Plaintiff incorporates by reference paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a female citizen of the United States. At all relevant times herein, Plaintiff and Defendant satisfied the Title VII definition of employee and employer.

22. Plaintiff was treated differently and negatively in the terms of her employment, including but not limited to the rate of pay, than male employees doing substantially similar jobs or in

substantially similar positions.

23. Defendant failed to promote or consider Plaintiff's application for a managerial position for which she was well qualified and a male was hired who was less qualified than Plaintiff.

24. Upon information and believe, Plaintiff was deprived of equal employment opportunities, benefits and terms and denied promotional opportunities based on her sex in violation of Title VII.

25. Such disparate treatment is/are adverse employment actions and Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful discrimination and seeks injunctive relief as his only means of securing full relief from Defendant's unlawful conduct.

WHEREFORE: Plaintiff requests that this Court:
    A. Award Plaintiff backpay based on the difference in disparate pay to male employee/s with interest thereon, from the date of hire.
    B. Award Punitive Damages.
    C. Permanently enjoin Defendant, its agents, officers and employees from engaging in all practices found by this Court to be in violation of the Title VII.
    D. Award Plaintiff the costs and disbursements of this action, including her reasonable attorney's fees, pursuant to 42 U. S. C. §1988;
    E. Award such other and further relief as this Court may deem just and proper.

## FOR A THIRD CAUSE OF ACTION
## (RETALIATION- CONSTRUCTIVE DISCHARGE/ TITLE VII / EQUAL PAY ACT)

26. Plaintiff incorporates by reference paragraphs 1 through 25 as though fully set forth herein.

27. Plaintiff initially expressed her concern to her direct supervisor, in late 2013, that she was likely begin paid significantly less than her male counterpart/s. Plaintiff's supervisor reacted negatively to the complaint and informed Plaintiff she would not receive more pay.

28. Within only weeks, Plaintiff applied for a managerial position for which she was well qualified; upon information and belief more qualified than all the other applicants. Plaintiff was not even allowed to interview for such position and the position went to a male who was less qualified than Plaintiff.

5

29. Plaintiff, in or about January of 2014, confirmed that she was being paid significantly less than the male senior buyer in the office and informed management again about this disparity. Subsequent to this report, Plaintiff's supervisor/s began treating her in a disparate and negative manner: She had asked to be transferred to the Houston office in part because senior management had indicated a need for such employees in that office and was told by her management that she could transfer to Houston but such transfer would result in no differential in pay and the move would not be reimbursed in any way as was the general policy. It became clear to Plaintiff through actions and inactions, statements and an attitude shift by management that she would not be afforded promotion opportunities, equal pay and equal treatment and she became concerned about retaining her job. Plaintiff resigned in or about April of 2014 and felt there was no other choice.

30. Plaintiff's notifications of her concerns / complaints about the pay disparity between herself and other senior buyer/s in late 2013 and into 2014, her expressed concerns and/or complaints about not being interviewed for the open position were protected activity under both the Equal Pay Act and Title VII.

31. Such immediate subsequent actions and inactions including but not limited to the failure to hire or even interview Plaintiff for a higher position for which she was well qualified, the negative actions related to her requested transfer, the changed and negative attitude toward her after her notification to the Company management of her concerns and complaints about disparate pay, were adverse employment actions and lead to Plaintiff's constructive discharge.

32. Such adverse actions and Plaintiff's constructive discharge were proximately caused by her protected activity and, upon information and belief, Defendant supervisor/s retaliated against Plaintiff because of her report/s of actions/policies or terms of employment which were made illegal under Title VII and/or the Equal Pay Act.

33. As a direct and proximate result of the Defendant's reckless, willful and intentional acts of discriminatory treatment, Plaintiff has experienced severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, increased medical expenses, past, present and future loss of income, and other economic and

non-economic damages including direct and consequential damages.

34. Plaintiff has no plain, adequate or complete remedy at law to correct Defendant's unlawful discrimination and seeks injunctive relief as her only means of securing full relief from Defendant's unlawful conduct.

WHEREFORE, Plaintiff requests that this Court:

A. Award Plaintiff backpay, with interest thereon, from the date of discharge until the Plaintiff is restored to her former job and benefits;

B. Award Plaintiff compensatory and punitive damages in an amount to be determined by a jury, but not less than $300,000 pursuant to 42 U.S.C §1981a for Defendant's discriminatory conduct, race discrimination and retaliation, against him;

D. Permanently enjoin Defendant, their agents, officers and employees from engaging in all practices found by this Court to be in violation of 42 U.S.C. §2000e *et. seq.*;

E. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees, pursuant to 42 U.S.C. §1988 and 2000e-5 (k);

F. Award such other and further relief as this Court may deem just and proper.

## FOR A FOURTH CAUSE OF ACTION
## (BREACH OF CONTRACT/ HANDBOOK)

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff was an employee of Defendant for approximately 2 years and throughout her tenure she met or exceeded the legitimate expectations of her employer.

37. Defendant distributed policies and or an employee policy manual or "handbook" to Plaintiff, subsequent to her hire, and she was informed by management that the provisions of the policies/handbook would be followed by the Company and must be followed by employees.

38. The policies/handbook contained prohibitions and a code of conduct stated in mandatory and/or promissory language which stated all employees would be treated equally in pay and all federal and state laws regarding equal employment would be observed.

39. Plaintiff was denied equal employment terms and opportunities resulting in her constructive discharge. Defendant's actions and inactions breached express provisions of the Corporation's policies or handbook, including but not limited to the implicit covenant of good faith and fair dealing.

40. As a direct and proximate result of Defendant's breach of contract, Plaintiff has been

7

damaged in an amount to be determined by the jury.

**WHEREFORE,** Plaintiff requests that this Court:
- A. Award Plaintiff backpay, with interest thereon, and front pay from the date of discharge or until the Plaintiff is restored to her former job and benefits
- B. Award Plaintiff the costs and disbursements of this action
- C. Award such other and further relief as this Court may deem just and proper.

**Attorney for Plaintiff**

January 13, 2015

Law Offices
Holler Garner Corbett Ormond & Dunn
Attorney for Plaintiff

By: _____
J. Charles Ormond, Jr.

1777 Bull Street
Columbia, SC 29201
(803) 765-2968 \\ 933-9000

8